UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MOLLY MUNN,

                                        Plaintiff,

        - against -                                        **OPINION & ORDER**

APF MANAGEMENT COMPANY, LLC,                              No. 19-CV-10791 (CS)
CARL E. PETRILLO, GREGORY J. PETRILLO,
MATTHEW J. PETRILLO, SELZNICK &
CO. LLP, JOSEPH KLAUSNER, AND JOHN
DOES 1-10,

                                        Defendants.
-------------------------------------------------------------x

<u>Appearances:</u>

Matthew T. Eyet
Eyet Law LLC
New Brunswick, New Jersey
*Counsel for Plaintiff*

Robert A. Spolzino
Edward A. Smith
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf & Carone, LLP
White Plains, New York
*Counsel for Defendants APF Management Company, LLC,*
*Carl E. Petrillo, Gregory J. Petrillo, and Matthew J. Petrillo*

Robert J. Bergson
Alexander Rabinowitz
Abrams Garfinkel Margolis Bergson, LLP
New York, New York
*Counsel for Defendants Selznick & Co. LLP*
*and Joseph Klausner*

<u>Seibel, J.</u>

        Before the Court is Plaintiff Molly Munn's motion for reconsideration.  (Doc. 50.)  For

the following reasons, the motion is DENIED.

I.   **BACKGROUND**

The Court assumes familiarity with the facts and procedural history of the case, as described in its Opinion and Order dated December 10, 2020.  (Doc. 48 ("Op.").)  Briefly, Plaintiff brought this action against Defendants Selznick & Co. LLP and Joseph Klausner (together, the "Selznick Defendants"), and Defendants Carl E. Petrillo, Gregory J. Petrillo, Matthew J. Petrillo (together, the "Petrillo Defendants"), and APF Management Company, LLC ("APF" and, together with the Petrillo Defendants, the "APF Defendants"), alleging in Count II of her Second Amended Complaint that the Selznick and Petrillo Defendants violated 26 U.S.C. § 7434.  (Doc. 36 ("SAC") ¶¶ 45-49.)  Plaintiff also brought two state law claims:  Count I, which sought declaratory relief allowing the inspection of APF's tax documents, (*id.* ¶¶ 37-44), and Count III, a "Tortious Interference and Conspiracy to Commit Tortious Interference with a Potential Business Benefit" claim against the Petrillo and Selznick Defendants, (*id.* ¶¶ 50-57).

On December 10, 2020, I granted Defendants' motions to dismiss Count II – the § 7434 claim – for failure to state a claim.  (Op. at 7-10.)  I then found that the Court lacked an independent basis for subject matter jurisdiction over the remaining claims and declined to exercise supplemental jurisdiction over them, dismissing them without prejudice.  (*Id.* at 10-18.)  While doing so, I noted that even if I were to exercise jurisdiction over Plaintiff's state law claims, I would find that Plaintiff abandoned them by failing to address Defendants' arguments in support of dismissing those claims.  (*Id.* at 17-18.)  The Clerk of Court entered judgment on December 11, 2020.  (Doc. 49.)

On January 11, 2021 (thirty-one days after the entry of judgment), Plaintiff filed the instant motion, (Doc. 50), asking the Court to reconsider its determination that her state law claims do not arise under federal law, (*see* Doc. 50-1 ("P's Mem.")).

## II.   <u>LEGAL STANDARD</u>

A court may grant reconsideration where the moving party "demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (cleaned up), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016).  Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly," and "the burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might materially have influenced its earlier decision." *Id.* (cleaned up).  "A party seeking reconsideration may neither repeat arguments already briefed, considered and decided, nor advance new facts, issues or arguments not previously presented to the Court." *Id.* (cleaned up).

## III.   <u>DISCUSSION</u>

Plaintiff asks for reconsideration because "the Court overlooked the fundamental nature" of a federal issue at play in her state law claims.  (P's Mem. at 1-2.)  Defendants respond that reconsideration is inappropriate because Plaintiff's motion (1) is untimely and (2) raises new, meritless arguments that would not affect the outcome of the case even if credited.  (*See* Docs. 55-56.)  I agree with Defendants' second point.

### A.   <u>Timeliness</u>

Plaintiff moves for reconsideration under Federal Rules of Civil Procedure 59(e), 60(a), and 60(b).  (P's Mem. at 2-3.)  As mentioned, Plaintiff filed her motion thirty-one days after the entry of judgment.  Her motion is therefore untimely under Local Civil Rule 6.3, which provides that a motion for reconsideration must be filed within fourteen days after the entry of judgment.

It is also untimely under Federal Rule of Civil Procedure 59(e), which provides that a motion to alter or amend a judgment must be filed within twenty-eight days after the entry of judgment.

Nevertheless, "[s]everal courts in this Circuit have construed untimely motions for reconsideration under Rule 59(e) or Local Civil Rule 6.3 as motions brought under Rule 60(b)." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 n.2 (S.D.N.Y. 2018); *see, e.g.*, *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration is treated as a Rule 60(b) motion."). As Plaintiff asks for reconsideration based on mistake or inadvertence, (P's Mem. at 2), the Court construes her motion as a Rule 60(b)(1) motion, which allows a district court to correct its own legal errors, *e.g.*, *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).[1]

"A Rule 60(b)(1) motion based on judicial mistake of law must be filed within the time that would be permitted for an appeal of the judgment being challenged." *Leonard v. Lowe's Home Ctrs., Inc.*, 83 F. App'x 402, 403 (2d Cir. 2003) (summary order). Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed within thirty days after entry of judgment. Accordingly, Plaintiff had until January 10, 2021 to file her Rule 60(b)(1) motion, but because that day was a Sunday, her motion was still timely when it was filed the next day. *See* Fed. R. App. P. 26(a)(1)(C). As a result, I will consider the merits of Plaintiff's motion.

Although a Rule 60(b)(1) motion is available to correct a substantive mistake of law or fact in a final judgment or order, it is not "an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed," and mere

---

[1] Although Rule 60(b)(1) seemingly refers to "'mistake, inadvertence, surprise, or excusable neglect' on the part of a party," *Perfetto v. Kuhlmann*, 152 F.3d 920 (2d Cir. 1998) (summary order) (unpublished table decision) (quoting Fed. R. Civ. P. 60(b)(1)), it "has been held to apply to errors by judicial officers as well as parties," *Lawrence v. Trans World Airlines, Inc.*, No. 91-CV-8345, 1993 WL 322796, at *2 (S.D.N.Y. Aug. 19, 1993).

disagreement with a court's resolution of legal issues or dissatisfaction with the outcome of the case are not exceptional circumstances that warrant relief under Rule 60(b)(1). *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 210-11 (S.D.N.Y. 2011) (cleaned up); *see King v. Keyser*, No. 18-CV-11301, 2020 WL 4742918, at *1 (S.D.N.Y. June 8, 2020).

Plaintiff also brings her motion under Rule 60(a), and she makes passing references to Rule 60(b)(6), as well. (*See* P's Mem. at 2; Doc. 57 at 1-2.) Rule 60(a) permits the correction of clerical mistakes and inadvertent errors "where the judgment has failed accurately to reflect the actual decision of the decision maker," and it is not an appropriate vehicle "to reflect a new and subsequent intent of the court." *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504, 505 n.11 (2d Cir. 2007) (cleaned up). Here, the judgment accurately reflected the Court's decision to dismiss Plaintiff's claims, so Rule 60(a) does not apply.

Rule 60(b)(6) is a catchall provision that allows a court to provide relief from judgment for any other reason that justifies relief, but "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *In re Pinnock*, 833 F. App'x 498, 502 (2d Cir. 2020) (summary order) (cleaned up). Because Plaintiff requests reconsideration based on a substantive mistake of law, her motion is properly considered under Rule 60(b)(1) rather than Rule 60(b)(6).

Accordingly, to the extent Plaintiff seeks relief under Rules 59(e), 60(a), or 60(b)(6), her motion is denied.

### B.   Merits

Turning to the merits of Plaintiff's motion under Rule 60(b)(1), Plaintiff argues that the Court overlooked a federal issue that is necessarily raised by her state law claims. Specifically, the Court purportedly failed to appreciate that "Defendants' sole defense to the State Law Claims

is their controversial interpretation of a federal statute governing the federal tax consequences of pass-through entities."  (P's Mem. at 1.)  According to Plaintiff, "Defendants argue that 26 U.S.C.A. § 704(d)(1) prohibits their allocating losses to Plaintiff in excess of her tax basis in APF," and thus, there is "no basis to demand an investigation of APF's tax records."  (*Id.* at 1-2.)[2]

The Court could not have overlooked this issue when it decided Defendants' motions to dismiss, because Plaintiff never raised it when arguing against dismissal.  *See, e.g.*, *Chan v. Chinese-Am. Plan. Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236, 243 (S.D.N.Y. 2016) (a motion for reconsideration "may be granted where a court overlooks controlling decisions or factual matters *that were put before it in the underlying motion*") (emphasis added) (cleaned up).  Moreover, far from this being Defendants' "sole" defense to Plaintiff's state law claims, Defendants did not raise this issue in any of their several arguments for dismissal of Plaintiff's state law claims.  (*See* Op. at 6-7 (summarizing Defendants' arguments for dismissal of Plaintiff's state law claims).)  Because this argument was not before the Court in the underlying motions, and because Plaintiff has not cited any controlling authority that the Court overlooked, Plaintiff has not identified a proper basis for reconsideration.  *See Colella v. City of N.Y.*, No. 07-CV-6312, 2019 WL 10733134, at *1 (S.D.N.Y. Oct. 28, 2019) (denying motion for reconsideration where the plaintiff "failed to point to any controlling law or factual matter that the Court overlooked in adjudicating the underlying motion").

Even if I were to consider Plaintiff's argument for the first time on reconsideration, I would find it meritless for essentially the same reasons stated in my original decision.  Count I,

---

[2] Plaintiff does not explain what is controversial about Defendants' interpretation of that statute.

Plaintiff's request to access APF's books and records, turns on interpretations of APF's operating agreement and state law.  (*See* SAC ¶ 38 ("Defendants have breached state common law, fiduciary law and/or contract law by failing to allow Plaintiff access to, or provide copies of, [APF's tax forms].").)  The fact that an anticipated defense might involve application of federal law does not mean that the claim arises under federal law.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (noting that "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction"); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983) (ruling that a cause of action does not arise under federal law if "federal law becomes relevant only by way of a defense to an obligation created entirely by state law").  Count III, Plaintiff's tortious interference claim, might involve application of federal law if, as Plaintiff contends, it "relies on the assertion that it is proper to allocate additional losses to Plaintiff."  (P's Mem. at 6.)  But such an issue would not be substantial, and establishing whether Defendants properly classified personal and business expenses as capital contributions and determining whether any of those losses should be allocated to Plaintiff would be fact-bound and situation-specific, making federal jurisdiction inappropriate.  *See In re Gen. Motors LLC Ignition Switch Litig.*, 69 F. Supp. 3d 404, 414 (S.D.N.Y. 2014); *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 58 (S.D.N.Y. 2011).

Furthermore, even if Plaintiff were correct that her state law claims arise under federal law, it would not alter my conclusion that those claims should be dismissed, because I alternatively found that Plaintiff abandoned those claims by failing to address Defendants' arguments for their dismissal.  (*See* Op. at 17-18.)  Plaintiff failed to address this alternative basis for dismissal in her motion for reconsideration.  *See Taylor v. Sheltered Workshop for the Disabled, Inc.*, 413 F. App'x 367, 368 (2d Cir. 2011) (summary order) (district court did not err

in denying motion for reconsideration that did not address alternative grounds for dismissal in underlying decision).

**IV.** **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to terminate the pending motion.  (Doc. 50.)

**SO ORDERED.**

Dated:  June 9, 2021
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.